UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-04891-JLS-BFM                    Date: July 16, 2024
Title:  Kenneth E. Bowie v. Syncreon Tech (USA) LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Charles A. Rojas  | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff filed this putative class action on behalf of himself and others similarly situated in Los Angeles County Superior Court, alleging that Defendant violated various California wage-and-hour laws.  Defendant removed, asserting that this Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1441(a).  (Notice of Removal, Doc. 1.)

CAFA requires, among other things, that the amount in controversy "exceed[] the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-04891-JLS-BFM                    Date: July 16, 2024
Title:  Kenneth E. Bowie v. Syncreon Tech (USA) LLC

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*."  *Id.* (quoting *Dart*, 574 U.S. at 87).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy.  (*See* Compl., Doc. 1-1, Ex. A.)  In its Notice of Removal, Defendant asserts that there is $5,554,448 at issue.  (Notice of Removal, Doc. 1 ¶ 26.)  "As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court," Defendants' assumed "violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires."  *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *2 (C.D. Cal. June 2, 2021) (Staton, J.).  Violation rates "cannot be pulled from thin air but need some reasonable ground underlying them."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

Defendant, however, assumes a 100% violation rate for each Plaintiff's claims without explaining why a 100% violation rate is reasonable in light of Plaintiff's allegations.  (*See* NOR ¶ 26.)  Therefore, the Court sua sponte questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).

Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **ten (10) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: cr