JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-04891-JLS-BFM | Date: August 12, 2024 |
| Title: Kenneth E. Bowie v. Syncreon Tech (USA) LLC | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)   ORDER REMANDING TO STATE COURT**

The Court ordered Defendant to show cause why this action should not be remanded to state court for lack of subject-matter jurisdiction.  (OSC, Doc. 10.)  Defendant responded to the order to show cause.  (Def.'s Resp., Doc. 12.)  Having reviewed the response, the Court concludes that Defendant has not met its burden as the removing party to establish that the amount in controversy exceeds CAFA's $5,000,000 threshold.  Therefore, this action is REMANDED to Los Angeles County Superior Court, Case No. 24STCV10583.

CAFA requires, among other things, that the amount in controversy "exceed[] the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.  "[T]he defendant's amount-in-controversy allegation should be accepted when not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-04891-JLS-BFM | Date: August 12, 2024 |
| Title: Kenneth E. Bowie v. Syncreon Tech (USA) LLC | |

contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87). But when the non-removing party or the Court questions whether the amount-in-controversy requirement is satisfied, then "[e]vidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B)." *Id.* (cleaned up).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy. Then, in response to the Court's order to show cause, Defendant was required to produce *evidence* supporting its amount-in-controversy estimate. "As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court," Defendant's assumed "violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires." *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *2 (C.D. Cal. June 2, 2021) (Staton, J.). Violation rates "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

In its response to the Court's order to show cause, Defendant argues that a 100% violation rate assumption has been deemed reasonable by other district courts. (Def.'s Resp. at 4–5 ("one meal period premium for every Putative Class Member for every day they worked").) While true, the Court finds that the approach employed by some other district courts leaves "something to be desired," specifically that it "allow[s] a defendant to translate vague 'pattern and practice' language in a complaint into a purportedly reasonable violation level without providing any evidence at all." *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *3 (C.D. Cal. June 2, 2021) (Staton, J.). By deferring to a defendant's unsupported violation rates, the Court fails to ensure that the defendant has satisfied its "burden to show by a preponderance of the *evidence*" that CAFA's amount-in-controversy requirement is met. *Ibarra*, 775 F.3d at 1197 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-04891-JLS-BFM                                          Date: August 12, 2024
Title:  Kenneth E. Bowie v. Syncreon Tech (USA) LLC

      Having now engaged in this endeavor on multiple occasions, the Court has become convinced that the approach Defendant urges—which amounts to little more than plucking a violation rate out of the air and calling it "reasonable"—is "a wasteful and silly, but routine, exercise in mathematical fantasyland." *Toribio v. ITT Aerospace Controls LLC*, No. CV 19-5430-GW-JPRX, 2019 WL 4254935, at *3 (C.D. Cal. Sept. 5, 2019).  If one is going to assume a violation rate based on nothing more than language in a complaint referencing a "pattern and practice," then there is no basis for suggesting that a violation rate of 100%, for example, is any more or less reasonable than a violation rate of 10% or 5%.  *See Vanegas v. DHL Express (USA), Inc*., No. CV 21-01538 PA (JCX), 2021 WL 1139743, at *3 (C.D. Cal. Mar. 24, 2021).  The Court agrees with the observation of the Honorable Judge George Wu:

> Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, in state court (with no one-year time-limit staring Defendants in the face), with respect to what the Complaint's allegations actually mean with respect to violation rates. Perhaps Defendants do this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement.  Perhaps they simply get Plaintiff to identify what the violation rates would be for Plaintiff, and then use that information as a sample to extrapolate out the calculation for the entire class.

*Toribio*, 2019 WL 4254935, at *3.  Ultimately, it is the removing party's burden to establish the amount-in controversy by a preponderance of the evidence, and Defendant has failed to carry that burden here.

      For the foregoing reasons, this action is REMANDED to Los Angeles County Superior Court, Case No. 24STCV10583.

Initials of Deputy Clerk: cr